# CHARLESTON.

## STATE *v.* KYER.

Submitted February 2, 1904. Decided February 16, 1904.

1. UNLAWFUL GAMING—*Indictment—Public Place.*

An indictment which charges that the defendant "did at and in a certain room in the hotel of Lahew Nutter, near the town

of Spencer, in said county, said room then and there being a public place and a place of public resort, bet and play, at a certain game played with cards which said game is commonly called and known as the game of draw poker," etc., is good as an indictment for playing at a public place, but is not good as an indictment for playing at a hotel or tavern. ·(p. 48).

2.　UNLAWFUL GAMING—*Proof.*

If the prosecutor fails to show that the room was a public place or a place of public resort, he cannot have such indictment held good as charging the unlawful gaming to have been done at a hotel or tavern.　(p. 48).

Error to Circuit Court, Roane County.

Forest Kyer was convicted of gaming, and brings error.

*Reversed.*

J. W. C. ARMSTRONG and THOS. P. RYAN, for plaintiff in error.

The ATTORNEY GENERAL, for the State.

DENT, JUDGE:

Forest Kyer obtained a writ of error to the judgment of the circuit court of Roane county, fixing a fine of $5.00 against him for unlawful gaming, and now insists that such fine was improperly imposed upon him for the reason that the evidence did not show him guilty of the offense charged in the indictment:

The indictment is as follows:

"State of West Virginia, Roane county, to-wit:　In the circuit court of said county:　The grand jurors of the State of West Virginia, in and for the body of the county of Roane, and now attending said court, upon their oaths, presents that Forest Kyer upon the —— day of ————, A. D. 1902, in the said county of Roane, did unlawfully at and in a certain room in the hotel of Lahew Nutter near the town of Spencer in said county, said room then and there being a public place and a place of public resort, bet and play, at a certain game played with cards, which said game is commonly called and known as the game of draw poker, with divers persons, whose names are to the grand jurors unknown, and which said game was not the game of

bowls, chess, backgammon, drafts, or a licensed game, against the peace and dignity of the State. Upon the information of E. A. McCrosky sworn in open court, and sent before the grand jury to give evidence on this indictment. J. A. A. Vandale, Prosecuting Attorney." This is a good indictment for playing cards at a public place, but it is not a good indictment for playing at a hotel or tavern, as the words "in the hotel of Lahew Nutter" are merely descriptive of the place, and not of the essence of the offense. As used they may mean a private boarding house or other building designated as the "Hotel of Lahew Nutter." The indictment does not charge the offense as committed at a hotel, known as the hotel of Lahew Nutter, but it charges the offense as committed in a certain room, it being a public place and a place of public resort. But we are asked to treat all the allegations in regard to the room as surplusage, because the evidence fails to show that the room was a public place or a place of public resort. If, on the other hand, the evidence had shown that the room was a place of public resort, although not in a public hotel, and the defendant had claimed that he should be discharged for the reason that the indictment charges that the playing was done at a hotel or tavern, the State's attorneys would have then insisted that the words "in the hotel of Lahew Nutter" were merely descriptive of the place and not of the essence of the offense, and should be treated as surplusage. Thus the indictment could thus be made to cover two distinct offenses which would render it bad on motion to quash. The State's attorneys cannot frame the same count in an indictment to cover several distinct offenses and then have the allegations as to the several offenses which are unsustained or wholly disproved treated as surplusage, for the defendant is entitled to plainly know the offense with which he stands charged so that he may be able to meet it with his proof. If he is indicted for playing at a hotel or tavern the indictment should plainly inform him of the offense. On the other hand, if he is indicted for playing in a room which is a public place or place of public resort, he should be so informed. The prosecuting attorney cannot make a conglomeration of the two and then when the proof is in, select which one of the two was the real offense charged in the indictment. This can hardly be regarded as the lesser offense included in the greater, for in this case the offense

charged appears to have been included in the offense not charged. For the public place so charged in the indictment turns out not to have been a public place, but is within another public place not so charged in the indictment. The proof shows that the room in which the card playing was done was securely locked during the progress of the playing and no one was permitted to enter but those engaged in the game. Hence it was not a public place or place of public resort. The words "in the hotel of Lahew Nutter" being merely descriptive of the room and not of the essence of the offense, the indictment could not be treated as an indictment for unlawfully playing at a hotel.

This case is clearly governed by the case of the *State* v. *Brast,* 31 W. Va. 380.

The trial of the issue having been submitted to the judge in lieu of a jury, and he having found for the State and given judgment accordingly, the judgment is reversed and judgment entered for the defendant.

*Reversed.*